United States District Court

for the

Central District of Illinois

**FILED**

AUG - 6 2018

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

Byron John: Lynch, )
)
    Plaintiff )
)
)
)
v )   Case No. 18-CV-2206
)
)
)
DONALD TRUMP, )
STEVEN MNUCHIN, )
DAVID KAUTTER, )
JEFF SESSIONS, )
    Defendants )
)

**Suit in Equity for Declaratory and Special Relief to Enforce a Private Trust**

Here are the Facts:

1. The DEFENDANTS/trustees have blatantly disregarded the well-established private trust, founded in exclusive equity. *See Exhibit A, Exhibit 7 of the "Declaration of Status of Byron John: Lynch", pages 23-28. Filed Oct 19, 2017 in Lamar County, GA. Superior Court; BPA Book 79 pages 31-67.*

2. The trust "BYRON JOHN LYNCH" #xxx-xx-xx36, is clearly established by all the parties. The trust vested on 01/04/2018.

3. The trustees/defendants received the Notice of their appointments and accepted their fiduciary duties. *RE920713138US, RE920713141US November 2017 and RE920713155US, RE920713169US January 2018 registered mail. See Exhibits D and E.*

4. The trustees/defendants have legal title and responsibility for the trust entity, "BYRON JOHN LYNCH" xxx-xxx-xx36.

5. The plaintiff in this Case No. _18-CV-2206_ the beneficiary of the trust "BYRON JOHN LYNCH".

6. The defendant/trustees insisted on sending harassing correspondence to the beneficiary *See Exhibits B and C*. After receiving a third correspondence, (*see Exhibit F*), I took the matter to the US Tax Court, Docket No.10256-18. In Chief Judge Maurice B. Foleys' Order (dated July16, 2018) he reiterated, "I do not have jurisdiction" and upon due consideration he dismissed the case for lack of jurisdiction. *See Exhibit G.*

7. This is a blatant breach of the trust.

8. The trustees were instructed in January 2018, to marshal all the assets of the trust and perform a full forensic accounting, starting from August 29, 1960 to the present, of ALL CUSIPs, funds, chattels, promissory notes, profits and interest connected to or derived from the Trust BYRON JOHN LYNCH xxx-xx-xx36. In Exhibits *B* and *C*, I again asked the trustees to do a full accounting. Then they sent a third letter (*Exhibit F*), saying I have some fiduciary duty to perform. I'm the beneficiary.

9. Only in Exclusive Equity Jurisdiction can the truth of this matter be heard.

10. Therefore, I set this case and docket in Exclusive English and American Equity Jurisdiction, governed by the Maxims of Equity secured by Article III Judicial Power derived from Article III of the Constitution for the united States of America.

11. The plaintiff is asking that this matter be reviewed sealed in camera exparte by a Chancellor, for it is a matter of a private trust clothed in exclusive equity. If the court will not hear this equitable subject matter, we respectfully ask that this court would transfer this case to a Chancellor in a Court of Equity.

12. Plaintiff is asking for (a), a full accounting and the Revenue Accounting Control System report to account for all trust res. And (b), all trust res be delivered to the trust, converted to private business credit for the use and enjoyment of the beneficiary and his heirs. And (c) any other remedies the plaintiff and this Court may find equitable.

*Equity Will Not Suffer A Wrong To Be Without A Remedy*

*Equity Delights To Do Complete Justice, And Not By Halves*

*Equity Will Not Allow A Trust To Fail For Want Of A Trustee*

*Equity Will Not Allow A Statute To Be Used As A Cloak For Fraud*


Date: 8/6/2018

**Byron John: Lynch**, beneficiary
Private American National
Sincerely in Equity
742 Sedgegrass Drive
Champaign, Illinois
(217) 390-4520