E-FILED
Thursday, 21 March, 2019  01:23:29 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division**

| | |
|---|---|
| **BYRON JOHN: LYNCH,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 18-2206** |
| **DONALD TRUMP, et al.,** | |
| **Defendants.** | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Court's inherent authority to screen and dismiss complaints that are frivolous or defective. *See Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). For the reasons stated below, the Court recommends that Plaintiff's Complaint be dismissed as frivolous and obviously insufficient to state a claim.

**I.      Background**

On August 6, 2018, Plaintiff filed his Complaint (#1) against Defendants, who are (or were) all high-ranking government officials. From what the Court can ascertain, Plaintiff alleges that Defendants, President of the United States Donald Trump and United States Secretary of the Treasury Steven Mnuchin, have "blatantly disregarded the well-established private trust, founded in exclusive equity." Complaint, d/e #1, pg. 1. Although named as Defendants, the Complaint does not appear to contain any allegations against Assistant Secretary for Tax Policy David Kautter and former Attorney General Jeff Sessions.[1]

Plaintiff's Complaint appear to hinge on the claim that he is the beneficiary of a trust agreement between himself and Defendants. From what the Court can tell, Plaintiff believes that he gave Defendants "actual and constructive notice" of a trust that was "[e]stablished by [a] Pre-March 9, 1933, Private Citizen of the United States." *See* "Declaration of Private

---

[1] *See* Exhibit B, d/e 2-2, pg. 2, listing Trump and Mnuchin (not Kautter and/or Sessions) as the alleged trustees.

Trust Arrangement," d/e # 2-1, pg. 23. Plaintiff alleges that he is the "Grantor/Settlor" as well as the "Sole Beneficiary" of said trust that is valued at an "undisclosed private amount." *Id.* 23-25. Plaintiff believes he "assigned/conveyed" legal title to the trust to the President of the United States, as well as the Secretary of the Treasury, on October 18, 2017. *Id.* at 25. *See also* Exhibit D, d/e #2-2, pg. 10 (stating that Lynch has created a "Private Business Trust from the dead, quasi-Corporate Sole Byron John Lynch," of which he is the grantee, and that he intends to convey legal title of, to Donald J. Trump and Steven T. Mnuchin as trustees, while retaining the title of sole beneficiary).

Plaintiff's Complaint alleges that the "trustee/defendants" received notice of their appointments and "accepted their fiduciary duties." According to Plaintiff, this is evidenced by a document titled "Notice of Interests & Trust Indenture" that was delivered, via registered mail, to Secretary Mnuchin on November 15, 2017 (Exhibit D, d/e #2-2, pg. 14) and President Trump on November 20, 2017 (*See* Exhibit D, d/e #2-2, pg. 15). Plaintiff gave Defendants Trump and Mnuchin "21 days to rebut, refuse and/or disclaim [their] appointment of trusteeship in writing." *Id.* at pg. 11. According to the documentation mailed to Defendants, "[f]ailure to rebut, refuse and/or disclaim will be construed as silent acknowledgement and consent to your appointment as Trustees pursuant to the Maxims of Law governing private, non-statutory Trusts and the Maxims of English/American Equity." *Id.*

On January 4, 2018, Plaintiff seems to have decided that the trust had "vested." After Trump and Mnuchin did not "disclaim their obligations in writing," Plaintiff sent a "Notice" dated January 4, 2018, informing Defendants that their "silence" was a "welcomed acknowledgement and consent to [their] appointment as Trustees." Exhibit E, d/e #2-2, pg. 18. This "Notice" informed President Trump and Secretary Mnuchin that they were now the trustees of the trust and further requested "a marshalling of all assets and a Full Accounting of all property . . . held on a state federal and/or international level in the Name of the Estate of BYRON JOHN LYNCH within thirty (30) days upon receipt of this Statement of Interests," making the full accounting due by February 4, 2018. *Id.* Plaintiff noted that he

looked forward to a "long and enjoyable relationship" with Trump, Mnuchin, and their successors.

Unfortunately, the long and enjoyable relationship that Plaintiff envisioned failed to materialize. On May 24, 2018, after Trump and Mnuchin did not provide the demanded full accounting, Plaintiff and his wife sued Defendants in Tax Court. Exhibit G, d/e #2-2, pg. 24. Plaintiff's suit in the Tax Court contained the same allegations as the instant lawsuit. *See Id.* ("petitioners assert that respondent is blatantly disregarding the existence of the Byron John Lynch Trust of which Mr. Lynch and Mrs. Lynch are the beneficiaries."). Plaintiff's Tax Court case was dismissed for lack of jurisdiction on July 16, 2018, (d/e #2-2, pg. 27), and Plaintiff subsequently brought his Complaint in this Court shortly thereafter on August 6, 2018. Plaintiff is seeking a full accounting and the delivery of all the "trust res" to the trust, which is to be "converted to private business credit for the use and enjoyment of the beneficiary and his heirs." Complaint, d/e #1, pg. 2.

## II.    Legal Standard

To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a claim, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (*citing Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

The Supreme Court, however, "has frequently said that a suit which is frivolous does not invoke the jurisdiction of the federal courts. . . ." *Parker v. Morrissey*, 2018 U.S. Dist. LEXIS 78019, *1 (S.D. Ind. 2018) (*citing Crowley Cutlery Company v. United States*, 849 F.2d 273 (7th Cir. 1988)). The Court, therefore, has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.* (*citing Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, (2006)); *See also Melendrez v. Holder*, 2010 U.S.

3

Dist. LEXIS 134082, n. 1 (E.D. Wis. 2010) (stating that it is the practice of the court to screen *pro se* filings, regardless of the payment of the filing fee, to ensure that the judicial process is not being used to harass or otherwise harm innocent parties.).

"District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). "This is so even when the plaintiff has paid all fees for filing and service." *Id.*[2]

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Although a district court should "allow ample opportunity for amending the complaint when it appears that by doing so the *pro se* litigant would be able to state a meritorious claim," it need not do so if nothing suggests that the plaintiff would be able to state a meritorious claim. *Mast v. Chase*, 2013 U.S. Dist. LEXIS 59037, 4 (N.D. Ind. 2013) (*citing Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006). The Court may dismiss a case as frivolous where it is based on an indisputably meritless legal theory. *Neitzke*, 490 U.S. at 327.

## III.    Analysis

Even taking all the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff cannot make a rational argument on the law or facts in support of his claim and it is therefore frivolous. *Neitzke*, 490 U.S. at 325. In short, Plaintiff is claiming that he created his own trust (its contents unknown) of which he is both the trustee and the beneficiary. He then claims to have made the President of the United States of America, and the United States Secretary of the Treasury the trustees of this trust by virtue of Plaintiff

---

[2] The Seventh Circuit has stated that 28 U.S.C. § 1915(e)(2), which mandates that the Court dismiss a case if it determines that the action is frivolous, malicious, or fails to state a claim, applies to fee paying Plaintiffs. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). The Seventh Circuit, however, has also noted that other Circuits have disagreed with this position. *See Bradley v. Sabree*, 842 F.3d 1291, n. 1 (7th Cir. 2016) (collecting cases). As noted in *Bradley*, the Court need not determine whether the case may be dismissed under Section 1915 because the district court has the authority to dismiss defective claims, and procedural protections (such as notice and opportunity to respond) are satisfied when the *pro se* Plaintiff has the opportunity to respond. *Id.* (citations omitted).

mailing documents to Washington D.C. and Defendants' subsequent "silence" in response to the mailings. Plaintiff now demands that Defendants provide a full accounting of the trust that he created, as well as the delivery of the trust principal (that Plaintiff presumably believes is in Defendants' possession.)

These claims are transparently defective. There is no merit to Plaintiff's claims that he can simply create a trust out of whole cloth, and then hold the President of the United States and Secretary of the Treasury liable for breach of fiduciary duty when they do not respond to letters mailed to Washington D.C. demanding that they act as trustees for a trust of which they have no knowledge. *Hoskins*, 320 F.3d at 763.

Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper when the claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Parker*, 2018 U.S. Dist. LEXIS at *3. (*citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998); *Oneida Indian Nation of N.Y. v. County of Oneida*, 414 U.S. 661, 666 (1974); *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 359. While Plaintiff "may genuinely believe" that he created a valid trust and that Trump and Mnuchin's "silence" in response to his letter created some kind of fiduciary duty, "that belief is so implausible that it cannot be the basis for a federal claim." *Id.*

When a Court lacks subject-matter jurisdiction (which it does in a frivolous case), "the only course of action is to account that fact and dismiss the case." *Parker*, 2018 U.S. Dist. LEXIS at *4 (*citing Steel Co.*, 523 U.S. at 94). Accordingly, even taking all Plaintiff's allegations as true, the Court finds that attempting to force Defendants into a fiduciary duty by way of their silence, and demanding delivery of trust property that they do not possess, fails to invoke the subject matter jurisdiction of the Court. As the Court lacks subject matter jurisdiction to hear this frivolous claim, the Court is recommending that this action be dismissed to "save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Moreover, as nothing suggests that Plaintiff can maintain a meritorious claim on these facts, the Court recommends that the dismissal be with prejudice. *Mast v.*

*Chase*, 2013 U.S. Dist. LEXIS 59037, 4 (N.D. Ind. 2013) (*citing Marshall v. Knight*, 445 F.3d 965, 970 (7th Cir. 2006).

The Seventh Circuit has recognized that in order to dismiss defective claims, Plaintiff must have the procedural protections of notice and opportunity to respond. *See Bradley v. Sabree*, 842 F.3d 1291, n. 1 (7th Cir. 2016) (*citing Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005); *Hoskins*, 320 F.3d at 763; *Stewart Title Guar. Co. v. Cadle Co.*, 74 F.3d 835, 836 (7th Cir. 1996). This Report and Recommendation is to serve as Plaintiff's notice that the Court is recommending that his case be dismissed as frivolous. Plaintiff has 14 days to respond to this Report and Recommendation before the District Judge takes any action on the Court's recommendation.[3]

## II.    Conclusion

For these reasons, the Court finds that Plaintiff's Complaint is frivolous and therefore recommends that the Complaint (#1) be dismissed for lack of subject matter jurisdiction under the Court's inherent power to dismiss frivolous lawsuits. *Hoskins*, 320 F.3d at 763. Plaintiff is advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 21st day of March, 2019.

s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

---

[3] As noted above, Plaintiff's Complaint (#1) contains no allegations against Defendants Sessions and Kautter. Likewise, the attachments to the Complaint contain nothing showing that Plaintiff is entitled to any relief against these Defendants. Accordingly, the Complaint against these Defendants should be dismissed under Federal Rule of Civil Procedure 8(a) for Plaintiff's failure to state any claim against them.