## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **BYRON JOHN: LYNCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-cv-02206** |
| | ) | |
| **DONALD TRUMP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and
Recommendation of United States Magistrate Judge Eric I. Long
(d/e 21).  Judge Long recommends that the Court dismiss Plaintiff's
Complaint (d/e 2) with prejudice.  For the reasons set forth below,
the Court ACCEPTS the Report and Recommendation.

### I. LEGAL STANDARD

When a magistrate judge proposes factual findings and
recommendations, the district court "may accept, reject, or modify,
in whole or in part, the findings or recommendations made by the
magistrate judge."  28 U.S.C. § 636(b)(1).  The district court may
also receive further evidence or recommit the matter to the

magistrate judge with instructions.  Id.  The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made.  Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."  Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999).  Under the clear error standard, the district court can overrule a magistrate judge only if the district court "is left with the definite and firm conviction that a mistake has been made."  Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

## II. BACKGROUND

On March 21, 2019, Magistrate Judge Eric I. Long issued a Report and Recommendation in which he determines that Plaintiff's Complaint is frivolous and recommends that the Complaint be dismissed for lack of subject matter jurisdiction.  Judge Long recommends that the dismissal be with prejudice because "nothing suggests that Plaintiff can maintain a meritorious claim" on the facts presented in the Complaint.  Report and Recommendation (d/e 21), at 5.

On March 25, 2019, Plaintiff, in response to Judge Long's Report and Recommendation, filed a document titled as both an "Objection to Report and Recommendation" and an "Amended Bill/Suit in Equity for Declaratory and Special Relief to Enforce a Trust." Plaintiff's filing does not address Judge Long's analysis or recommendation that Plaintiff's Complaint be dismissed with prejudice. Rather, Plaintiff intended the filing to serve as an amended complaint. <u>See</u> d/e 24. Accordingly, the Court will not construe Plaintiff's filing as an objection to Judge Long's Report and Recommendation.

### III. ANALYSIS

Because Plaintiff has not objected to any portion of Judge Long's Report and Recommendation, the Court reviews the Report and Recommendation for clear error. The Court adopts the facts as presented by Judge Long in the Report and Recommendation.

Federal district judges have the authority to dismiss frivolous or transparently defective suits spontaneously, even when the plaintiff has paid all fees for filing and service. <u>Hoskins v. Poelstra</u>, 320 F.3d 761, 763 (7th Cir. 2003). To state a cognizable claim under the federal notice pleading system, a complaint must allege

"enough facts to state a claim to relief that is plausible on its face."
Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "A claim
has facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,
556 U.S. 662, 677 (2009).  The complaint's allegations "must be
enough to raise a right to relief above the speculative level."
Twombly, 550 U.S. at 555.

The Court has reviewed Plaintiff's Complaint and Judge Long's
Report and Recommendation.  The Court finds no clear error with
respect to Judge Long's recommendation that Plaintiff's Complaint
be dismissed with prejudice as frivolous.

The Court must also address Plaintiff's response to the Report
and Recommendation.  The Court construes this filing not as an
amended complaint, but as a request for leave to file an amended
complaint.  Plaintiff served his complaint on Defendants in January
2019.  See Affidavits (d/e 17); Affidavits (d/e 18).  Plaintiff filed his
proposed amended complaint on March 25, 2019, well outside the
time during which Plaintiff was entitled to amend his complaint as
a matter of course.  See Fed. R. Civ. P. 15(a)(1) (unless a responsive

pleading or a Rule 12(b) motion has been filed, a party may amend its pleading as a matter of course only within "21 days after serving it"). Therefore, Plaintiff can amend his pleading only if he obtains Defendants' written consent or the Court's leave. <u>See</u> Fed. R. Civ. P. 15(a)(2).

Plaintiff's proposed amended complaint alleges that, in 1933, an implied trust was created when President Franklin Delano Roosevelt took all of Plaintiff's property and "conveyed it to the Office of the Secretary of the Treasury" for Plaintiff's benefit "during the emergency." Am. Complaint (d/e 22), at 1. Because Trump and Mnuchin occupy the "Office of the President and Office of the Secretary of the Treasury", they have fiduciary duties during their occupancies. <u>Id.</u> Plaintiff claims the authority to administer the "BRYON JOHN LYNCH estate" (the Estate). <u>Id.</u> at 2.

Plaintiff requests a full accounting of all property "connected to or deprived from" the Estate. <u>Id.</u> at 3. Plaintiff also requests that the Secretary of the Treasury issue him a letter of credit "in the amount of the full accounting" and assist Plaintiff in utilizing the letter of credit. <u>Id.</u>

The Court DENIES Plaintiff's request for leave to file an amended complaint, as the proposed amended complaint, like Plaintiff's initial complaint, is frivolous and fails to state a claim upon which relief can be granted. See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co., 935 F.3d 573, 582 (7th Cir. 2019) (noting that district courts have broad discretion to deny leave to amend where an amendment would be futile). Because nothing suggests that any amendment will allow Plaintiff to state a claim upon which relief can be granted, the Court's dismissal of Plaintiff's Complaint is WITH PREJUDICE. See Mathis v. New York Life Ins. Co., 133 F.3d 546, 548 (7th Cir. 1998) (noting that district courts may dismiss a case with prejudice if the case is frivolous).

## IV. CONCLUSION

For the reasons stated, it is ORDERED:

**(1)** **The Report and Recommendation of United States Magistrate Judge Eric I. Long (d/e 21) is ACCEPTED.**

**(2)** **Plaintiff's Complaint (d/e 2) is DISMISSED WITH PREJUDICE.**

**(3)** **Plaintiff's request for leave to file an amended complaint (d/e 22) is DENIED.**

(4)     Any pending motions are DENIED as MOOT, any pending deadlines are TERMINATED, and any scheduled settings are VACATED.

(5)     THIS CASE IS CLOSED.


ENTER:  September 24, 2019

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE